**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JUSTIN CULLEN, OSB #263588**
Assistant United States Attorney
Justin.Cullen@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2936
Telephone: (503) 727-1000
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KATHRYN MONET,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-01877-AA

**ANSWER OF THE UNITED STATES OF AMERICA**

Defendant United States of America, by Scott E. Bradford, United States Attorney for the District of Oregon, through Assistant United States Attorney Justin Cullen, answers Plaintiff Kathryn Monet's Complaint (ECF 1-1) in numbered paragraphs as follows.

Defendant denies all allegations not specifically admitted, except to the extent those allegations contain conclusions of law, as no response is required. Section headings and any specific language included from the Complaint are included for convenience only and do not constitute admissions.

**I. Nature of the Action.**

1. The United States admits that the Plaintiff was a patient at the stated facility and denies the rest of paragraph 1.
2. The United States denies paragraph 2.
3. The United States denies paragraph 3.

**II. Parties**

4. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 4 and therefore denies.
5. The United States admits this action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq, and denies the rest of paragraph 5.
6. The United States admits paragraph 6.

**III. Jurisdiction and Venue**

7. The United States admits paragraph 7.
8. Paragraph 8 asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant United States admits only that Plaintiff has filed suit against the United States, pursuant to the FTCA, but denies Plaintiff is entitled to any relief under the FTCA and the United States otherwise denies the allegations.
9. The Complaint does not include paragraph 9.
10. The United States admits paragraph 10.
11. The United States admits paragraph 11.

**IV. Administrative Exhaustion**

12. The United States admits paragraph 12.

13. The United States admits paragraph 13.

14. The United States admits paragraph 14.

15. The United States respectfully refers to Plaintiff's administrative tort claim for a complete and accurate statement of its contents and denies any allegations inconsistent therewith and denies that $10,000,000 is a proper remedy.

16. The United States respectfully refers to Plaintiff's administrative tort claim for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. The United States respectfully refers to Plaintiff's administrative tort claim for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18. The United States admits paragraph 18.

19. The United States United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 19 and therefore denies.

20. The United States United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 20 and therefore denies.

**V. Factual Allegations**

21. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 21 and therefore denies.

22. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 22 and therefore denies.
23. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 23 and therefore denies.
24. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 24 and therefore denies.
25. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 25 and therefore denies.
26. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 26 and therefore denies.
27. The United States denies paragraph 27.
28. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 28 and therefore denies.
29. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 29 and therefore denies.
30. The United States admits that Plaintiff was in adult foster care and is without knowledge or information sufficient to form a belief as to the truth about the remaining allegations of paragraph 30 and therefore denies them.
31. The United States respectfully refers to Plaintiff's medical records for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.
32. The United States denies paragraph 32.

33. The United States denies paragraph 33.

34. The United States admits paragraph 34.

35. The United States admits that the Plaintiff missed certain appointments and the United States is without knowledge or information sufficient to form a belief as to the truth about the remaining allegations of paragraph 35 and therefore denies them.

36. The United States denies the allegations in paragraph 36 to the extent those allegations relate to the VA or otherwise relate to the United States and the United States is without knowledge or information sufficient to form a belief as to the truth about the remaining allegations of paragraph 36 and therefore denies them.

37. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 37 and therefore denies them.

38. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 38 and therefore denies them.

39. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 39 and therefore denies them.

40. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 40 and therefore denies them.

41. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 41 and therefore denies them.

42. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 42 and therefore denies them.

43. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 43 as to her treatment at civilian facilities and therefore denies them and, as to the remaining allegations, the United States respectfully refers to Plaintiff's medical records for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 44 and therefore denies them.

45. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 45 and therefore denies them.

46. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 46 and therefore denies them.

47. The. United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 47 and therefore denies them.

48. United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 48 and therefore denies them.

49. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 49 and therefore denies them.

50. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 50 and therefore denies them.

51. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 51 and therefore denies them.

52. The United States denies paragraph 52.

53. United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 53 and therefore denies them.

54. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 54 and therefore denies them.

55. The United States denies paragraph 55.

**VI. Timeliness and Equitable Tolling**

56. The United States admits this action arises under the Federal Tort Claims Act, 29 U.S.C. § 2671 et seq. and is required to have been presented within two years after a claim accrues as set forth in paragraph 56. The United States is without knowledge or information sufficient to form a belief as to what Plaintiff recognizes and denies.

57. The United States denies paragraph 57.

58. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 58 and therefore denies them.

59. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 59 and therefore denies them.

60. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 60 and therefore denies them.

61. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 61 and therefore denies them.
62. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 62 and therefore denies them.
63. The United States denies paragraph 63.
64. The United States is without knowledge or information sufficient to form a belief as to the truth about paragraph 64 and therefore denies.
65. The United States denies paragraph 65.
66. The United States is without knowledge or information sufficient to form a belief as to the truth about the allegations of paragraph 66 and therefore denies them.
67. The United States admits paragraph 67.
68. Paragraph 68 asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant United States admits only that Plaintiff has filed suit against the United States, pursuant to the FTCA, and that Plaintiff requests equitable tolling, but denies equitable tolling should be granted.
69. Paragraph 69 asserts a legal conclusion to which no response is required. To the extent that a response is required, the United States denies.

70. Paragraph 70 asserts legal conclusions to which no responses are required. To the extent that a response is required, Defendant United States admits only that Plaintiff has filed suit against the United States, pursuant to the FTCA.

**VII. Claim for Relief**

71. The United States reasserts the admissions or denials as stated above.
72. The United States admits to the extent that Plaintiff is asserting a physician–patient relationship, hospital–patient relationship, or other healthcare provider–patient relationship at the Oregon facility, and denies the rest of paragraph 72.
73. The United States denies paragraph 73 and denies subparts a, b, c, d, e, f, g, and h.
74. The United States denies paragraph 74.
75. The United States denies paragraph 75.
76. The United States denies paragraph 76.
77. The United States denies paragraph 77.

**VII. Damages**

78. The United States denies paragraph 78 and subparts a, b, c, d, e, f, g, h, i, j, k, and l to the extent they assert any averment.
79. The United States admits paragraph 79 but denies that $10,000,000 is a proper remedy.
80. The United States denies paragraph 80.

81. The United States denies paragraph 81.

## GENERAL DENIAL

1. The United States denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer. The following defenses are applicable, where appropriate, to Plaintiff's claims for relief.

## DEFENSIVE AVERMENTS

2. The United States avers that recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf of Plaintiff by any federal agency.

## AFFIRMATIVE DEFENSES

3. Any claims not administratively exhausted, as required by the FTCA, are barred.

4. The claims do not allege a negligent or wrongful act by an employee of the United States.

5. The United States, through its employees and agents, violated no actionable duty owed to Plaintiffs and acted with due care and diligence at all relevant times.

6. No acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

7. The Complaint failed to state the claim of loss-of-chance, upon which relief can be granted.

8. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

9. The United States is entitled to all limitations on liability and damages applicable to this action as set forth in the Oregon Tort Claims Act, the Federal Tort Claims Act, and any other applicable law.

10. Plaintiff's recovery, if any, is limited to the amount sought by her administratively under 28 U.S.C. § 2675(b).

11. The United States may have further defenses which are not yet known but which may become known through future discovery. The United States asserts herein every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, United States of America, prays that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiff be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted this 23rd day of November 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ Justin Cullen*
JUSTIN CULLEN
Assistant United States Attorney
Attorneys for Defendant United States

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on November 23, 2026, addressed to:

Kathryn Monet
672 NE Autumncreek Way Apt. M 202
Hillsboro, OR 97006
*Plaintiff Pro Se*

*/s/ Justin Cullen*
Justin Cullen
Assistant United States Attorney